| | |
|---|---|
| **SUSAN ROWLAND, ET AL.,**<br>      **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12127** |
| **UNION CARBIDE CORPORATION, ET AL.,**<br>      **Defendants** | **SECTION: "E"(5)** |

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by Plaintiffs.[1] Defendant Centex opposes the motion.[2] For the following reasons Plaintiffs' Motion to Remand is **GRANTED.**

## BACKGROUND

On November 17, 2017, Decedent Donald Richard Rowland died from mesothelioma, which Plaintiffs claim was caused by asbestos exposure.[3] On behalf of themselves and Donald Rowland, Plaintiffs filed suit in state court on August 14, 2018 against eleven defendants for their alleged roles in exposing Mr. Rowland to asbestos and ultimately causing his death.[4]

Plaintiffs are Susan Rowland (Donald Rowland's spouse), along with Matthew Roland and Christopher Roland (Donald Rowland's heirs).[5] Susan, Matthew, and Christopher are citizens of the State of New York.[6] Donald Rowland was a citizen of New York before his death.[7]

---

[1] R. Doc. 4.
[2] R. Doc. 19.
[3] R. Doc. 1-1 ¶ 18.
[4] *Id.*
[5] R. Doc. 4-1, at 6.
[6] *Id.*
[7] R. Doc. 1 ¶ 15.

The defendants named in Plaintiffs' Louisiana state court petition are (citizenship indicated in parenthesis as "place of formation/principal place of business"):

1. Balfour Beatty Construction, LLC (Delaware/Texas);

2. Boh Bros. Construction Co., LLC (Louisiana/Louisiana);

3. Centex Corporation (Delaware/Georgia);

4. Certainteed Corporation (Delaware/Pennsylvania);

5. Eagle, Inc. (Louisiana/Louisiana);

6. Gulf Belting & Gasket Co., LLC (Louisiana/Louisiana);

7. Kelly-Moore Paint Company, Inc. (California/California);

8. Lake Forest, LLC (Louisiana/Louisiana);

9. River/Road Construction, Inc. (Louisiana/Louisiana);

10. Taylor-Seidenbach, Inc. (Louisiana/Louisiana); and

11. Union Carbide Corporation (New York/Michigan).[8]

Earlier in 2019, Plaintiffs voluntarily dismissed from the case Balfour Beatty Construction, LLC and Kelly-Moore Paint Company, Inc.[9] On July 18, 2019, the state court granted summary judgment in favor of the following defendants: Boh Bros. Construction Co., LLC (Boh Bros.); Certainteed Corporation (Certainteed); Gulf Belting & Gasket Co., LLC (Gulf Belting); River/Road Construction, Inc. (River/Road); Taylor-Seidenbach, Inc. (Taylor-Seidenbach); and Union Carbide Corporation (Union Carbide).[10] Plaintiffs filed an opposition to the motion for summary judgment filed by Boh Bros.[11] Plaintiffs did not file oppositions to the other motions for summary

---

[8] R. Doc. 4-1, at 6–7.
[9] R. Doc. 1 ¶¶ 7–8.
[10] *Id.* ¶¶ 9, 11.
[11] *Id.*

judgment.[12] Now that these summary judgments have been entered, and the case has been removed, the remaining defendants are: Centex Corporation (Centex); Eagle, Inc. (Eagle); and Lake Forest, LLC (Lake Forest).

Plaintiffs' state-court trial was scheduled to begin on August 19, 2019, but on August 9, 2019, Defendant Centex removed the case to this Court on the basis of diversity jurisdiction.[13] Plaintiffs filed a motion to remand three days later on August 12, 2019.[14]

## **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[15] Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over all civil matters in which the plaintiffs are citizens of different states from the defendants and the amount in controversy exceeds $75,000.[16]

Even if § 1332 is satisfied, however, 28 U.S.C. § 1441(b)(2) may prohibit removal in certain diversity cases. Under that provision, an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[17] This limitation often is referred to as the "forum defendant rule."[18] The Fifth Circuit has held failure to comply with the forum defendant rule renders removal procedurally defective rather than jurisdictionally defective.[19] Accordingly, to determine whether removal is proper when jurisdiction is based on

---

[12] *Id.*
[13] R. Doc. 4-1, at 1–2.
[14] *Id.*
[15] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[16] 28 U.S.C. § 1332(a).
[17] 28 U.S.C. § 1441(b)(2).
[18] *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009).
[19] *Id.* at 396.

diversity and a forum defendant is named, the Court must undertake a two-step analysis: (1) jurisdictionally, the parties must be completely diverse and the amount-in-controversy requirement must be met, and (2) procedurally, there must not be any forum defendants served prior to removal.[20]

Finally, under 28 U.S.C. § 1446, the removing party bears the burden of showing subject-matter jurisdiction exists and removal is proper.[21] "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."[22] As for timing, a defendant must file a notice of removal within 30 days of receiving the initial complaint,[23] or "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[24]

## LAW AND ANALYSIS

This case boils down to determining whether Defendants have satisfied their burden under 28 U.S.C. § 1441 and 28 U.S.C. § 1446 of showing the Court has subject-matter jurisdiction based on diversity and removal is proper.

On the face of the state court pleadings, there are obvious obstacles to diversity jurisdiction.[25] The parties do not dispute Plaintiffs and Union Carbide are New York

---

[20] Because the forum-defendant rule is procedural, it can be waived. *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 64 (5th Cir. 2010) ("The 'forum-defendant rule' is not jurisdictional and may be waived.").
[21] *See Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[22] *Id.*
[23] 28 U.S.C. § 1446(b)(1).
[24] 28 U.S.C. § 1446(b)(3).
[25] R. Doc. 1-1.

Citizens.[26] Further, the parties do not dispute six of the originally named defendants (Gulf Belting, River/Road, Taylor-Seidenbach, Eagle, Lake Forest, and Boh Bros.) are citizens of the state in which the action was brought—Louisiana. The presence of any one of these seven defendants (collectively referred to as the jurisdiction-destroying defendants), if proper, defeats removal and requires remand to state court—Union Carbide's presence defeats complete diversity, and the Louisiana defendants invoke the "forum defendant rule."[27]

Considering these impediments to removal, Defendant Centex must demonstrate the Court should, based on exceptions to § 1441 and § 1446, disregard the citizenship of all seven jurisdiction-destroying defendants. To do this, Defendant Centex argues Union Carbide, Gulf Belting, River/Road, and Taylor-Seidenbach were voluntarily dismissed through unopposed motions for summary judgment and, under the voluntary-involuntary rule, their citizenship may be ignored,[28] and the citizenship of the other three forum defendants—Boh Bros., Eagle, and Lake Forest—may be ignored because they were improperly joined.[29]

When "determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor."[30] A party claiming improper joinder bears a heavy burden of proof.[31]

---

[26] R Doc. 1 ¶¶ 5–8.
[27] Defendant Centex does not argue the objection to forum defendants was waived.
[28] *Id.* ¶ 38.
[29] *Id.* ¶ 39.
[30] *Rodrigue v. Continental Ins. Co.*, No. 14-1797, 2014 WL 4999465, at *2 (E.D. La. Oct. 7, 2014) (citing *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)).
[31] *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005).

## I.    The Voluntary-Involuntary Rule and Improper Joinder

The voluntary-involuntary rule is an exception to the removability rules of § 1441 and § 1446.[32] It provides "a case nonremovable on the initial pleadings [can] become removable only pursuant to a voluntary act of the plaintiff."[33]

In this case, Defendant Centex argues the Court should disregard the citizenship of the four defendants dismissed through unopposed motions for summary judgment because they were voluntarily dismissed.[34] The other three jurisdiction-destroying defendants clearly do not fall under this exception because either they are still in the case (Eagle and Lake Forest) or were dismissed via an opposed, rather than unopposed, motion for summary judgment (Boh Bros.).

If the Court cannot disregard the citizenship of a defendant based on the voluntary-involuntary rule, however, the "voluntary-involuntary rule is *itself* subject to a judicially created exception for improper joinder."[35] The improper-joinder doctrine allows a court to dismiss an improperly joined defendant from a removed state case and disregard that defendant's citizenship for purposes of diversity jurisdiction.[36] To reap this benefit, the removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts," or (2) the plaintiff has no possibility of recovery against the non-diverse party in state

---

[32] *Hoyt v. Lane Construction Co.*, 927 F.3d 287, 295 (5th Cir. 2019).
[33] *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967).
[34] R. Doc. 1 ¶ 38.
[35] *Hoyt*, 927 F.3d at 295.
[36] *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc).

court.[37] Defendant Centex does not assert any fraud in the pleadings and, instead, asserts Plaintiff has "no possibility of recovery" against Boh Bros., Eagle, and Lake Forest.[38]

Assessing a plaintiff's possibility of recovery against a defendant in state court "turns on whether the state court[] ha[s] already ruled on the merits of the plaintiff's claim."[39] "If a state court has not yet ruled, the federal court must ask whether 'there [is] any reasonable possibility that a state court would rule against the non-diverse defendant.'"[40] "If a state court has come to judgment," however, the federal court must ask whether "there [is] any reasonable possibility that the judgment will be reversed on appeal."[41]

In this case, the Louisiana state court has ruled on the merits of the claims against Gulf Belting, River/Road, Taylor-Seidenbach, Boh. Bros., and Union Carbide by granting summary judgment in their favor. The Louisiana state court has not ruled on the merits of the claims against Eagle and Lake Forest, who continue to be defendants in the case.

## II. Defendant Centex Has Not Met Its Burden of Showing Eagle and Lake Forest Were Improperly Joined

Defendant Centex argues Eagle and Lake Forest were improperly joined because Plaintiffs have no possibility of recovery against them.[42] To analyze this argument, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the

---

[37] *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)); *see also Hoyt*, 927 F.3d at 296 ("Improper joinder 'can be established by demonstrating,' among other things, the 'inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" (quoting *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)).

[38] R. Doc. 1 ¶ 16.

[39] *Hoyt*, 927 F.3d at 296.

[40] *Id.* (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)).

[41] *Id.* (quoting *Poulos*, 959 F.2d at 73).

[42] R. Doc. 1 ¶ 23.

complaint to determine whether the complaint states a claim under state law against the in-state defendant."[43]

While the standard for evaluating a claim of improper joinder is similar to the standard used when evaluating a Rule 12(b)(6) motion for failure to state a claim, the scope of the Court's inquiry is broader than it would be with a Rule 12(b)(6) motion; the Court will not "pre-try" the case, but the Court may, in its discretion, "pierce the pleadings" under certain circumstances and consider summary judgment type evidence to determine whether the plaintiff's claim has a factual basis.[44] This summary inquiry is "appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery" against any non-diverse defendant.[45] "[T]he inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden."[46]

Initially, Defendant Centex has not shown Plaintiffs failed to state a claim against Eagle and Lake Forest under a Rule 12(b)(6)-type analysis. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[47] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[48] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[43] *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (2004).
[44] *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003).
[45] *Smallwood*, 385 F.3d at 573–74.
[46] *Id.* at 574.
[47] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[48] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

inference that the defendant is liable for the misconduct alleged."[49] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[50] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[51]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[52] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[53] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[54]

The Court finds Plaintiffs stated a claim upon which relief could be granted against Eagle and Lake Forest. Count three in Plaintiffs' Petition for Damages alleges Eagle and Lake Forest were negligent in exposing Rowland to substantial quantities of asbestos.[55] Plaintiffs support this claim by listing twenty-two activities allegedly performed by Eagle and Lake Forest that led to Rowland's asbestos exposure.[56] These are sufficient factual allegations "to raise a right to relief above the speculative level."[57] Because the Court finds Plaintiffs stated a claim upon which relief could be granted against Eagle and Lake Forest, and because Defendant Centex has not pointed to any discrete and undisputed fact that

---

[49] *Id.*

[50] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

[51] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).

[52] *Twombly*, 550 U.S. at 555.

[53] *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

[54] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted).

[55] R. Doc. 1-1 ¶¶ 26–36.

[56] *Id.* ¶ 31.

[57] *Twombly*, 550 U.S. at 555.

would preclude Plaintiffs' recovery and require the Court to pierce the pleadings,[58] the Court finds Defendant Centex has not met its burden of showing Eagle and Lake Forest were improperly joined.

## III. Defendant Centex Has Met Its Burden of Showing Gulf Belting, River/Road, and Taylor-Seidenbach Were Voluntarily Dismissed

Defendant Centex argues Gulf Belting, River/Road, and Taylor-Seidenbach were voluntarily dismissed by Plaintiffs due to Plaintiffs' failure to oppose their motions for summary judgment.[59] According to the voluntary-involuntary rule, if a resident or non-diverse defendant is dismissed as a result of either the defendant or the court acting against the wishes of the plaintiff, the case cannot be removed.[60] Only when the plaintiff, by his voluntary act, "definitely and clearly indicates his intention to abandon or discontinue the action against a non-diverse defendant [does] the action become[] removable."[61] This distinction operates to preclude "removal of those cases in which the issue of the resident defendant's dismissal has not been finally determined in the state courts."[62] Accordingly, for the citizenship of any defendant to be disregarded according to the voluntary-involuntary rule, the defendant's exit from the case must be final and must have occurred because of a voluntary act of the plaintiff.

---

[58] Defendant Centex argues the Court should pierce the pleadings and consider Plaintiffs' alleged "failure to develop or actively pursue" their claims against Eagle and Lake Forest. R. Doc 19, at 6. The Fifth Circuit has stated improper joinder is warranted if "the pleadings, standing alone, [do] not set forth actionable claims against [defendant and] the record [does] not support any inference that [plaintiff] intended to actively pursue claims against [defendant]." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). The Fifth Circuit has not held a failure to develop or pursue a claim, by itself, warrants piercing the pleadings to find improper joinder. While some district courts in this circuit have said as much, *see, e.g., Steed v. Hartford Underwriters Ins. Carrier*, No. 4:14-CV-00147-DMB, 2015 WL 3440486, at *3 (N.D. Miss. May 28, 2015) ("While the piercing step is normally applied to determine the merits of a plaintiff's claim, it may also be used to determine whether the plaintiff actually intends to pursue her claims against the in-state defendant."), this Court declines to pierce the pleadings based on an alleged failure to develop or pursue a claim until instructed to do so by the Fifth Circuit.

[59] R. Doc. 1 ¶ 38.

[60] *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967).

[61] *McLin v. Surgitex, Inc.*, No. 91-4116, 1992 WL 67801, at *2 (E.D. La. Mar. 25, 1992).

[62] *Weems*, 380 F.2d at 546.

In this case, it is undisputed that Plaintiffs did not oppose the motions for summary judgment filed by Gulf Belting, River/Road, and Taylor-Seidenbach. And unlike the summary judgments in favor of Boh Bros. and Union Carbide, Plaintiffs do not assert a right to appeal these judgments.[63] Because Plaintiffs did not oppose the motions for summary judgment and have abandoned the right to appeal, the Court finds Defendant Centex has shown Plaintiffs definitely and clearly indicated their intention to abandon or discontinue the action against Gulf Belting, River/Road, and Taylor-Seidenbach and those parties were voluntarily dismissed.[64] The Court will not consider their citizenship when determining diversity jurisdiction.

## IV. Defendant Centex Has Not Met Its Burden of Showing Boh Bros. Was Improperly Joined

Defendant Centex argues the Court should disregard Boh Bros. citizenship because Boh Bros. was improperly joined.[65] Because the Louisiana state court granted summary judgment in favor of Boh Bros., over Plaintiffs' objection, Defendant Centex must show "there [is no] reasonable possibility that the judgment will be reversed on appeal."[66]

To begin this inquiry, the Court looks to the Fifth Circuit's recent decision in *Hoyt v. Lane Construction Co.*[67] In *Hoyt*, the state court granted a forum-defendant's motion

---

[63] *See* R. Doc. 4-1, at 16 n.7 (claiming the right to appeal the summary judgment as to Union Carbide but not mentioning the other Defendants granted unopposed motions for summary judgment).
[64] It is possible for a dismissal via summary judgment to be voluntary. For example, in *Davidson v. Advocate Mines, Ltd.*, a different section of this court determined a summary judgment in favor of a non-diverse defendant was a voluntary dismissal by the plaintiff because the plaintiff affirmatively agreed to the summary judgment. No. CV 11-1013, 2011 WL 13238694, at *2 (E.D. La. June 20, 2011). In a case in which there was no affirmative consent to the summary judgment, another section of this court held a mere "failure to oppose a motion for summary judgment does not constitute a 'voluntary act' that would create a right to remove." *Mumfrey v. Anco Insulations, Inc.*, No. CIV.A. 11-2284, 2011 WL 4745626, at *3 (E.D. La. Oct. 7, 2011).
[65] R. Doc 1 ¶ 23.
[66] *Hoyt v. Lane Construction Co.*, 927 F.3d 287, 296 (5th Cir. 2019) (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)).
[67] *Id.* at 297.

for summary judgment, which the federal district court then concluded could not be reversed on appeal.[68] The plaintiffs had not argued they could or would pursue an appeal of the order, and the district court concluded the plaintiffs had abandoned their right to do so.[69] The Fifth Circuit held, "When a state court order creates diversity jurisdiction and that order cannot be reversed on appeal, our precedent treats the voluntary-involuntary rule as inapplicable. In light of the district court's now-unchallengeable ruling that the state court's dismissal of [the defendant] could not be reversed on appeal, we are compelled to conclude [the defendant] was improperly joined."[70]

Accordingly, state court orders that discharge a party and are irreversible—based on the opposing party forfeiting the right to appeal—compel a court to find the discharged party was improperly joined.[71] An appealable and possibly reversible order, though, does not create such compulsion.

Plaintiffs assert,[72] and Defendant Centex concedes,[73] they retain their right to appeal the granting of the summary judgment in favor of Boh Bros. As a result, to establish joinder was improper, Defendant Centex must show an appellate court could not possibly reverse the trial court's decision on the summary judgment.

Plaintiffs allege they have the right to recover from Boh Bros. because Boh Bros. contracted with Centex to perform certain activities on the construction sites where Centex employed Rowland.[74] In the state court proceedings, Boh Bros. argued it was entitled to summary judgment because "there is no evidence, testimony or documentation

---

[68] *Id.*
[69] *Id.*
[70] *Id.* (internal citations omitted).
[71] *Id.*
[72] R. Doc. 4-1, at 2.
[73] R. Doc. 19, at 15.
[74] R, Doc. 1-1, at 7.

that Donald Richard Rowland worked with or around Boh Bros. or its employees."[75] Boh Bros. attached no summary judgment-type evidence to support its argument. In opposition, Plaintiffs cited the deposition of Mr. Whitaker, a co-worker of Mr. Rowland, who claimed he knew Boh Bros.,[76] and directed the state court to an exhibit attached to Mr. Whitaker's deposition.[77] This exhibit is an old newspaper advertisement from the *Times-Picayune* advertising both Boh Bros. and Centex in connection with the construction of residences in New Orleans East during the relevant time period.[78] Defendants moved to exclude this advertisement as improper summary judgment evidence because it was not, as required for deposition exhibits used to oppose summary judgment, supported by an affidavit or verified by a witness at the deposition.[79]

The state-court judge agreed with Boh Bros. and struck the advertisement, resulting in a determination there was no evidence supporting Plaintiffs' claim that Boh Bros. worked in tandem with Centex.[80] In particular, the trial court judge noted Mr. Whitaker's deposition stated just the opposite—that he did not know whether Boh Bros. did work on the Centex homes.[81]

The question this Court now faces is whether the state court's decision to grant summary judgment in favor of Boh Bros. could possibly be reversed on appeal. If the decision possibly could be reversed, Boh Bros. was properly joined and the Court cannot

---

[75] R. Doc. 26-1, at 5.
[76] R. Doc. 26-2, at 2.
[77] *Id.*
[78] R. Doc. 4-1, at 4.
[79] R. Doc. 26-3, at 1.
[80] R. Doc. 26-4, at 2–3.
[81] *Id.*

disregard its citizenship. If the decision could not possibly be reversed, however, the Court is compelled to find Boh Bros. was improperly joined.[82]

Although the Court need not find the state court's ruling necessarily will, or should, be overturned, the bar for finding Boh Bros. was properly joined is low—there must only be some *possibility* the summary judgment in Boh Bros.' favor could be reversed.

Under Louisiana Code of Civil Procedure article 966, a motion for summary judgment should only "be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law."[83] "The burden of proof rests with the mover."[84] The Louisiana Supreme Court has adopted the standard for summary judgment outlined in *Celotex Corp. v. Catrett,* which requires "that the party seeking summary judgment 'always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.'"[85] Only once a motion for summary judgment has been properly supported by the moving party does the burden shift to the non-moving party to produce evidence of a material fact in dispute.[86] "No additional documents may be filed with the reply memorandum."[87]

"Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the

---

[82] *Hoyt*, 927 F.3d at 297.
[83] LA. CODE CIV. PROC. art. 966(A)(3).
[84] LA. CODE CIV. PROC. art. 966(D)(1).
[85] *Samaha v. Rau*, 2007-1726 (La. 2/26/08), 977 So. 2d 880, 885 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).
[86] *Babin v. Winn–Dixie Louisiana, Inc.*, 00–0078 (La.6/30/00), 764 So.2d 37, 40.
[87] LA. CODE CIV. PROC. art. 966(B)(3).

motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense."[88] This pointing, though, must be more than "mere argument and conclusory statements in [a] memorandum."[89] A motion for summary judgment must be "properly supported."[90]

For example, in *Samaha v. Rau*, the Louisiana Supreme Court was faced with a defendant's motion for summary judgment in a medical malpractice case.[91] The court determined that, because the movant did not bear the burden of proof on the malpractice claim at trial, he did not have to disprove the plaintiffs' claim in his motion for summary judgment.[92] Instead, the movant only had to point out the plaintiff's lack of evidence.[93] But, the court did not state the movant could meet his burden by mere argument, without any other support.[94] To the contrary, the court found the movant satisfied "his initial burden on summary judgment by filing the motion *and attaching the plaintiffs' discovery responses.*"[95]

Similarly, in *Pugh v. St. Tammany Parish School Board*, the Louisiana Court of Appeal, First Circuit, discussed *Samaha* and held a defendant moving for summary judgment based on a plaintiff's lack of evidence must offer more than just the "argument of its memorandum to point out the lack of factual support for the plaintiff's claim."

---

[88] LA. CODE CIV. PROC. art. 966(D)(1).

[89] *Pugh v. St. Tammany Par. Sch. Bd.*, 2007-1856 (La. App. 1 Cir. 8/21/08), 994 So. 2d 95, 98, *writ denied*, 2008-2316 (La. 11/21/08), 996 So. 2d 1113.

[90] *Rogillio v. Avizent & SNL Distribution Servs. Corp.*, 2015-1657 (La. App. 1 Cir. 6/3/16), 196 So. 3d 710, 714.

[91] *Samaha*, 977 So. 2d at 883.

[92] *Id.* at 884.

[93] *Id.*

[94] *Id.*

[95] *Id.* (emphasis added).

Any other rule, the court held, "would negate the requirements of [Louisiana Code of Civil Procedure articles 966(D)(2), 967(A), and 967(B)], as repeatedly reinforced by the jurisprudence, that it is only after the motion has been made and properly supported that the burden shifts to the non-moving party."[96] In *Pugh*, the court found:

> [I]n attempting to meet [its] burden, the [movant] did not support its motion with any affidavits, depositions, or other evidence to point out the alleged lack of support for this element of the plaintiff's case, nor did it identify those portions of the pleadings that it believed demonstrated the absence of a genuine issue of material fact. Instead, the [movant] offered mere argument and conclusory statements in its memorandum contending that it did not have notice.[97]

As a result, the court determined the movant before it "failed to meet its initial burden of proof by merely relying on a portion of the pleadings without identifying other parts of the record or submitting supporting proof to support its motion."[98] Because the movant failed meet its initial burden of proof, the burden never shifted to the plaintiff to produce evidence of a material fact in dispute.[99]

In sum, if a movant argues it is entitled to summary judgment based on the non-movant's inability to prove an element of its claim at trial, the movant must properly support its motion for summary judgment.[100] If the movant does not support its motion,

---

[96] *Pugh*, 994 So. 2d at 98.
[97] *Id.*
[98] *Id.* at 100.
[99] *Id.*; *see also Rogillio v. Avizent & SNL Distribution Servs. Corp.*, 2015-1657 (La. App. 1 Cir. 6/3/16), 196 So. 3d 710, 711 (finding "SNL did not support the summary judgment motion with affidavits or any other evidence," which led the court to hold it did not meet its initial burden and the burden never shifted to the non-movant.)
[100] *Pugh*, 994 So. 2d at 98.

the burden never shifts to the plaintiff to show support for its claim,[101] and summary judgment cannot be granted.[102]

In this case, Defendant Boh. Bros. attached no summary judgment evidence to its motion for summary judgement.[103] Instead, Boh Bros. relied on "mere argument and conclusory statements in [a] memorandum,"[104] and did not properly support its motion.[105] At best, Boh Bros. attempted to supplement its motion for summary judgment by quoting part of Whitaker's deposition in its reply,[106] but filing documents with a reply is directly proscribed by the Louisiana Code of Civil Procedure.[107] Accordingly, the Court finds it is possible a Louisiana appellate court could find Boh Bros. failed to properly support its motion for summary judgment, and this failure could lead to a reversal on appeal. For that reason, the Court finds Defendant Centex has failed to show "there [is

---

[101] *Rogillio* 196 So. 3d at 714 (citing *Coleman v. St. Tammany Parish School Board*, 08–1979 (La.App. 1 Cir. 5/8/09), 13 So.3d 644, 648) ("It is only after the motion has been made and properly supported that the burden shifts to the nonmoving party.").

[102] *Id.* at 100 ("Because the motion for summary judgment was not properly supported, the opposing party may rely on the mere allegations of his pleadings to demonstrate that a genuine issue of material fact exists."); *see also Gibbs Constr., L.L.C. v. Nat'l Rice Mill, L.L.C.*, 2017-0113 (La. App. 4 Cir. 2/21/18), 238 So. 3d 1033, 1040, *writ denied*, 2018-0464 (La. 5/11/18), 241 So. 3d 1012 (overturning a grant of summary judgment because 'there [wa]s not sufficient evidence before this Court "to show that the other party lacks factual support for their position'").

[103] R. Doc. 26-1, at 7.

[104] *Pugh*, 994 So. 2d at 98.

[105] *Coleman*, 13 So. 3d at 648 ("It is clear from the law and jurisprudence that the mover has the burden of proof and it is only after the motion has been made and properly supported that the burden shifts to the non-moving party.").

[106] R. Doc. 26-3, at 2–3 ("Specifically, Mr. Whitaker testified as follows: Q[-] To your knowledge, Mr. Rowland never worked for Boh Brothers, correct? A[-] Correct.")

[107] LA. CODE CIV. PROC. art. 966(B)(3) ("No additional documents may be filed with the reply memorandum."). Further, this quote to a deposition is wholly unauthenticated, and the state court could not simply assume the document was authentic. *See Tillery v. Borden*, No. CIV.A. CBD-07-1092, 2010 WL 2132226, at *2 (D. Md. May 25, 2010) ("In summary judgment the parties submit materials which create a record; it is on that record only, that the Court rules on summary judgment. In the present case, the Court has no record on which to adjudge summary judgment. The materials submitted by Defendants cannot be included because the Court cannot assume that they are authentic.").

no] reasonable possibility that the judgment [against Boh Bros.] will be reversed on appeal,"[108] and Boh. Bros. was not improperly joined.

## V. Defendant Centex Failed to Meet Its Burden of Showing Union Carbide Was Voluntarily Dismissed

Although Defendant Centex has shown three of the unopposed summary judgments were voluntary dismissals, it has not made such a showing for the fourth jurisdiction-destroying Defendant dismissed via an unopposed summary judgment motion, Union Carbide. While Union Carbide's summary judgment is similar to the previously discussed defendants in that it was unopposed, it is dissimilar because Plaintiffs have explicitly retained the right to appeal that summary judgment order.[109] This intent to appeal shows the summary judgment was not affirmatively approved—for if it was, Plaintiffs would have no reason to preserve their right to appeal it. Moreover, it goes to show the summary judgment is not final because Plaintiffs have the right to appeal.

The summary judgment in favor of Union Carbide does not "definitely and clearly indicate[ Plaintiffs] intention to abandon or discontinue the action against" Union Carbide,[110] and the claims against Union Carbide have not been "finally determined in the state court[]."[111] As a result, the Court finds the merely unopposed summary judgment in

---

[108] *Hoyt v. Lane Construction Co.*, 927 F.3d 287, 296 (5th Cir. 2019) (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)).
[109] R. Doc. 4-1, at 16 n.7.
[110] *McLin*, 1992 WL 67801, at *2.
[111] *Weems*, 380 F.2d at 546.

favor of Union Carbide was not a voluntary dismissal,[112] and the Court cannot disregard the citizenship of Union Carbide under the voluntary-involuntary rule.[113]

## VI. Defendant Centex Failed to Meet Its Burden of Showing Union Carbide Was Improperly Joined

Even though the Court cannot disregard the citizenship of Union Carbide based on the voluntary-involuntary rule, there is yet another avenue for Defendant Centex to demonstrate the Court should disregard its citizenship—improper joinder. For the Court to determine Union Carbide was improperly joined, after the Louisiana trial court "came to judgment" by granting an unopposed motion for summary judgment in its favor, Defendant Centex must establish there is no "reasonable possibility that the judgment will be reversed on appeal,"[114]

As with Boh Bros., Plaintiffs did not abandon their right to appeal the summary judgment granted to Union Carbide. Plaintiffs assert they intend to appeal Union Carbide's summary judgment.[115] And procedurally they are able to do so—the Louisiana State Court granted summary judgment for Union Carbide on July 18, 2019,[116] summary judgments are final appealable orders,[117] and under Louisiana Code of Civil Procedure article 2123, Plaintiffs had 30 days to file suspensive appeal of Union Carbide's summary judgment.[118] That 30 day clock had not run when Defendant Centex removed the case to this Court on August 9, 2019. As a result, Defendant Centex can prove Union Carbide was

---

[112] *See Mumfrey v. Anco Insulations, Inc.*, No. CIV.A. 11-2284, 2011 WL 4745626, at *3 (E.D. La. Oct. 7, 2011) ("[F]ailure to oppose a motion for summary judgment does not constitute a 'voluntary act' that would create a right to remove.").
[113] *Hoyt*, 927 F.3d at 297 ("When a state court order creates diversity jurisdiction and that order cannot be reversed on appeal, our precedent treats the voluntary-involuntary rule as inapplicable.").
[114] *Id.* at 296 (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)).
[115] R. Doc. 4-1, at 16 n.7.
[116] R. Doc. 1 ¶¶ 9, 11.
[117] LA. CODE CIV. PROC. art. 968.
[118] LA. CODE CIV. PROC. art. 2123.

improperly joined only by demonstrating the summary judgment in its favor cannot possibly be reversed on the merits.

Defendant Centex has not met this burden. In state court, Union Carbide argued it was entitled to Summary Judgment because "there is no evidence that Donald Rowland was ever exposed to any product containing asbestos attributable to Union Carbide."[119] This is similar to Boh Bros.' argument for summary judgment, and like Boh Bros. motion, Union Carbide's motion was required to be properly supported.[120] Although Union Carbide did offer some support for its motion for summary judgment,[121] the Court finds Union Carbide did not sufficiently support the motion.

For example, the Court notes Union Carbide offered no summary judgment evidence to support its statement of undisputed fact that it did not "manufacture any asbestos-containing products."[122] Further, Union Carbide attached no evidence demonstrating it could not have contributed to Rowland's damages because it did not supply asbestos-containing products to construction sites Rowland worked on.[123] The Court finds there is a possibility the summary judgment in favor of Union Carbide could be reversed on appeal. As a result, Defendant Centex has not shown Union Carbide was improperly joined, and Union Carbide's citizenship will not be ignored when determining diversity.

---

[119] R. Doc. 26-5, at 1.

[120] La. Code Civ. Proc. art 966(A)(3) (stating a motion for summary judgment should only "be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law"); *Pugh v. St. Tammany Par. Sch. Bd.*, 2007-1856 (La. App. 1 Cir. 8/21/08), 994 So. 2d 95, 98, *writ denied*, 2008-2316 (La. 11/21/08), 996 So. 2d 111 ("It is only after the motion has been made and properly supported that the burden shifts to the non-moving party.").

[121] *See* R. Doc. 26-5, at 2–3.

[122] *Id.*

[123] *Id.*

## <u>CONCLUSION</u>

Defendant Centex has failed to show the Court should disregard the citizenship of all jurisdiction-destroying defendants. Specifically, Defendant Centex has failed to establish Union Carbide, Boh Bros., Eagle, and Lake Forest were voluntarily dismissed or improperly joined. Accordingly, the Court lacks subject-matter jurisdiction over this case under 28 U.S.C. § 1332, and removal was improper under 28 U.S.C. § 1441 and 28 U.S.C. § 1446, because the parties are not completely diverse and several defendants are citizens of the state in which the state court suit was brought.

**IT IS ORDERED** that Plaintiffs' Motion to Remand[124] is **GRANTED**.

**New Orleans, Louisiana, this 27th day of September, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[124] R. Doc. 4.